872 F.2d 419
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
SECRETARY OF LABOR, on behalf of Glen Munsey and Steven B.
Jacobson, Plaintiff-Appellant,
v.
SMITTY BAKER COAL COMPANY, P & P Coal Company, Ralph Baker,
Defendants-Appellees.
 No. 88-3830.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 24, 1989.
Decided March 10, 1989.
 
 Joseph E. Wolfe (Wolfe and Farmer) for appellees.
 Barry Wisor and Dennis Dale Clark, U.S. Department of Labor, and Jerry Walter Kilgore, Assistant U.S. Attorney, for appellant.
 Before CHAPMAN, WILKINSON, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 The Secretary of Labor, on behalf of Glen Munsey and Munsey's attorney, Steven B. Jacobson, appeals from the district court's modification of a damage award previously made to Munsey and Jacobson by the Federal Mine Safety and Health Review Commission. Because we believe that the district judge did not have authority to change the award, we reverse.
 
 I.
 
 2
 This case arose out of Munsey's complaint that he was wrongly discharged from employment after he refused to work in what he considered were the unsafe conditions of his employer's mine. The details of this claim need not detain us, for after almost twelve years of litigation, including three decisions in the United States Court of Appeals for the District of Columbia, an Administrative Law Judge (ALJ) and the Federal Mine Safety and Health Review Commission finally resolved the dispute in Munsey's favor. The ALJ and the Commission awarded back pay with the interest to Munsey, and costs and attorney's fees to Jacobson. Three defendants, Smitty Baker Coal Company, P & P Coal Company, and Ralph Baker were made jointly and severally liable for all damages. Munsey v. Smitty Baker Coal Company, P & P Coal Company, and Ralph Baker, 5 FMSHRC 2085 (1983).
 
 
 3
 Because the defendants neither sought review of the award nor satisfied the judgment, the Secretary was asked, pursuant to 30 U.S.C. Sec. 818(a) (1982), to commence proceedings in the district court to enforce the Commission's order. The Secretary filed such a complaint on December 23, 1985, naming Smitty Baker Coal Company, P & P Coal Company, and Ralph Baker as defendants, and asking judgment in the amount of $48,990.18 plus interest. The sum, largely composed of attorney's fees, is based on orders of the Commission and its accuracy is not contested by defendants-appellees. On August 20, 1986 the Secretary moved for Rule 56 summary judgment.
 
 
 4
 Recognizing that the ALJ's decision on the merits was final, the district court granted summary judgment in favor of appellants on February 10, 1988. However, because of its reading of 30 U.S.C. Sec. 818(b) (1982), the court considered that "fairness" and the "age and complexity" of the case required a change in the manner in which the order should be enforced. It eliminated the joint and several liability of the defendants for the entire award, and specified that a judgment of $24,495.09 plus legal interest be enforced against the P & P Coal Company, while $24,495.09 plus interest be enforced jointly against Smitty Baker Coal Company and Ralph Baker. The practical effect of the decision is to halve the award, as only defendant Ralph Baker seems capable of satisfying the judgment.
 
 II.
 
 5
 The only issue before this court is whether the district court had the authority to disturb the Commission's award. The district court believed that its authority came from 30 U.S.C. Sec. 818(b) (1982), which provides in part that in an enforcement action brought by the Secretary "the court shall have jurisdiction to provide such relief as may be appropriate."
 
 
 6
 Other language in Sec. 818(b), however, as well as the particular judicial review provisions of 30 U.S.C. Sec. 816, establish that the district court's powers of modification are considerably circumscribed. Section 818(b) requires that in any action instituted under the section to enforce a Commission order, the findings of the Commission, if supported by substantial evidence, "shall be conclusive." The district court here did not undertake an analysis of whether the basis of the finding that joint and several liability among all three defendants was unsupported by substantial evidence. Only "fairness," and the "age and complexity" of the case were given as reasons for the modification. This is not enough. Moreover, the issue of the award's appropriateness was never raised by the parties. The defendants did not propose the change and in fact did not even enter a response to the Secretary's motion for summary judgment. Finally, Congress has articulated a detailed scheme of judicial review of Commission orders, which specifically provides that when, as here, no petition for review is filed by defendants within thirty days of the Commission's order, the order is "conclusive in connection with any petition for enforcement filed by the Secretary." 30 U.S.C. Sec. 816(a) (1982).
 
 
 7
 For these reasons the Commission's determination that defendants are jointly and severally liable to plaintiffs for the sum of $48,990.18, plus interest at the legal rate from September 30, 1985, should have been upheld. The judgment of the district court is therefore reversed.
 
 
 8
 REVERSED.